Strafford,
No. 4626.

VELMA H. SCAHILL, *Adm'x*

*v.*

S. S. JABRE *& a.*

Argued March 4, 1958.

Decided April 24, 1958.

264

*Burns, Calderwood, Bryant & Hinchey* (*Mr. Bryant* orally), for the plaintiff.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the defendant Corson.

*Joseph E. Michael, Jr.* (by brief and orally), for the defendant Jabre.

KENISON, C. J. As every trial lawyer knows it is not uncommon to find "the usual conflict of testimony" as a common denominator in motor vehicle collisions. *Dunsmore* v. *Company*, 90 N. H. 470, 471; *Murphy* v. *Winter*, 87 N. H. 481, 482. In such cases the record may disclose evidence of negligence on the one hand and

freedom from fault on the other hand. *Bissonnette* v. *Cheverette,* 87 N. H. 211, 213; *Copadis* v. *Haymond,* 94 N. H. 103, 105. This case is no exception and in passing on the defendant Corson's motion for a directed verdict, it is a familiar principle of law that the evidence is to be considered most favorably to the party who received the verdict. *Naramore* v. *Putnam,* 99 N. H. 175, 176.

There was evidence from which the jury could find the following facts. On the afternoon of November 4, 1953, the weather was clear, visibility was good and lights were not required or used in the operation of motor vehicles. The decedent was a passenger in the Miniter vehicle proceeding northerly on Route #16 on a two-lane highway in Newington which was straight and level when the vehicle was stopped partly on the highway to repair a flat tire. The decedent was assisting in changing the tire when struck by the Jabre truck which was overloaded with lumber most of which was behind the rear wheels causing the truck to be "light-headed." There was evidence that the Corson vehicle, also proceeding northerly and passing the Jabre truck, struck the left rear fender of the Jabre truck causing it to swerve to the right and to hit the decedent. This was denied by the defendant Corson and was not observed by the passengers in the vehicles. There was also testimony of paint deposits on the Jabre and Corson vehicles indicating contact between them.

Upon this conflict of testimony and exhibits in the case, the Court correctly denied the defendant Corson's motion for a directed verdict. *Cutler* v. *Young,* 90 N. H. 203, 204. The plaintiff's case established negligent conduct on the part of both defendants (*French* v. *York,* 99 N. H. 90) and was not so "slight and nebulous" as contended by the defendant Corson as to warrant a directed verdict in her favor. *DiPietro* v. *Lavigne,* 97 N. H. 474.

At some point during the trial it appeared that one juror during a luncheon recess sat at the same table in a restaurant with the plaintiff for five minutes. The juror was interrogated by the Presiding Justice and the juror stated that he did not know who she was and that he did not know that she was a party in this case. There was no discussion of the case and the conversation related to the fact that both had worked in the Navy Yard twelve years previously. The denial of the motion to set aside the verdict on this ground constitutes a finding in effect that the defendant had a fair trial. *State* v. *Ellard,* 95 N. H. 217, 223. That finding is entitled to great weight in this court (*Cloutier* v. *Charland,* 100

N. H. 63, 64), and the exceptions of the defendants are overruled. *Sleeper* v. *Company*, 100 N. H. 158, 162.

It is urged that the illness of one of the jurors (Talon) late in the deliberations of the jury may have influenced their verdict and made the trial unfair. The Court after interrogating the jury concluded from the statement of the foreman and the jurors that the illness of a juror did not affect the verdict. The jury stood eleven to one for verdicts against Jabre and Corson and the "holdout" juror (Bergeron) was also in favor of a verdict against Miniter. It did not appear from the interrogations that the jury was in disagreement about the liability of the defendants Jabre and Corson or that the illness of the juror Talon affected the final vote of the juror Bergeron. In the circumstances we cannot say as a matter of law that the denial of the motion to set aside the verdict by the Trial Court was erroneous. *McLaughlin* v. *Union-Leader*, 99 N. H. 492.

The defendant Corson objected to testimony of a motor vehicle inspector's conversation with Dougherty, the operator of the Jabre vehicle, a short time after the accident: "Well as soon as I got to the accident I asked what had happened and he [Dougherty] said some woman driving a black coupe had struck him on the left side and kept going." The Trial Court within its discretion could find that Dougherty's declaration was made while he was still affected by the shock of the fatal accident, and therefore was admissible under a well recognized exception to the hearsay rule. VI Wig., Ev. (3rd *ed.*) *ss.* 1750 and 1767, *p.* 182; *Stanley* v. *Bowen Bros.*, 96 N. H. 467, 468. *Cf. Ellsworth* v. *Watkins*, 101 N. H. 51, 53.

*Judgment on the verdicts.*

WHEELER, J., did not sit; the others concurred.